Judge Owsley
delivered the Opinion of the Court.
This Was ah action of debt, brought in the name Of the Commonwealth of Kentucky, for the Use of Henry Beaty, against Cobb, as late Sheriff of Estill county, upon his official bond.
The trial was had upon an agreement of the par-tics, that Cobb mighl avail himself, in defence, of any inaftcr that could be specially pleaded; and after a verdict was found for the plaintiff in the court below, Cobb moved that court to arrest the judgment, and also for a new trial, hut both motions were overruled and judgment rendered—
“ That the Commonwealth, for the use of Beaty, recover of Cobb, three thousand dollars, the debt in the declaration mentioned to be discharged by the payinent of sixty-two dollars, the damages assessed by the jury in their verdict, and cost.”
From that judgment, Cobb appealed.
Before We examine the questions raised by ’¡he assignment of errors, it is proper to dispose of preliminary objections taken to the appeal by the connBel of the plaintiff in the couft below.
It is first objected, that the appeal.was improvidently granted by the court below. The judgment was rendered in October, 1824, and the objection to the regularity of the appeal, is taken upon the supposition, that the judgment, is for a less sum Umn irons which, according to the then existing *392 law. an appeal was allowable. When the judgment relates nciiherto a franchise nor freehold, no appeal xvas tlien allowed, unless it amounted, exclusive of costs, to thirty pounds, so that whether or not the appeal was improvidently granted, turns upon the construction to be given to the judgment. That there cannot be collected from Cobb, more than sixty-two dollars, besides cost, under the judgment, is so obviously evident, none can for a moment doubt, after looking at the judgment; .But it is equally evident tliat the judgment is for more, tho* it nsay be discharged by the payment ofless than bno hundred dollars. The action xs founded upon the official bond, and was brought to recover the penalty, add according to strict technical propriety, the judgment is for three thousand dollars, the amount of the penalty, though (ess than thirty pounds is collectable,' therefore, the judgment of the courts in legal strictness, is for mores-and whenever the judgment is for that amount, without regard to (lie sum by which it may he discharged, the party a« gainst whom it is rendered, has a right to demand, and the court of original jurisdiction is bound to grant him an appeal The appeal was not, therefore, improvidently granted to Cobb-
K is not necessary for the condition of an appeal bond (o bo in tho/oim prescribed by lbe statute, it is sufficient that it is of thq same legal affect.
It is again objected, that the appeal bond is insufficient, the condition not being as comprehensive as that which is required by the Act of Assembly. The condition subjoined to the bond is not in the words prescribed in the act. r.or do we think it, 'o'ceasary tiiat- it should be. Though n«•' / die language of the act, if as com?" ehe-mivc ¡m the act requires, the condition to * -ry essentia! purpose must he sufficient. The substance and not the form should direct us in forming an opinion upon the goodness of a bond of ibis -sort; and aster examining the condition of the herd in question, we haxe been unable to discover any defect which, acrord'w.g to any fair construction, may be prejudicial to >!:e interest of the appxltee. We understand the condition to bo as coir.prehansivf as that required by the act, and that whr.fmcr would be. a breach of a condition, expressed ‘v, the Enguuge of Mu> Act. would he a breach of the condition in question.
Assignment of error in the decision of the circuit court, against a motion in arrest of judgment, brings ■ the declaration before this court.
Declaration on the sheriff’s official bond.
Breach in failure to account for officers’ fees.
In the decían» ation on sheriff’s bond for failing to collect and account for officers’ fee bills, it must appear, that the fees were due, and owing 10 the relator.
*393 Having disposed of the preliminary objections, >.'8 shall proceed to the questions made by the assignment of errors.
Thefirst question growing out of the assignment of errors, and which it is proper to notice, involves an inquiry into the sufficiency of the declaration. The declaration is no where expressly excepted to by the assignment of errors, but the decision of the court below, in refusing to arrest tire judgment, is complained of, and in revising that decision, we are necessarily brought to examine the goodness of the declaration.
The object of the action was to recover from Cobb, as late sheriff of Estill county, the amount of fee bills put into the hands of his deputy, Abner W. Quinn, for collection, by the relator Beaty. The declaration sets out the official bond of Cobb, together with the condition thereunder written, and after avcring that, subsequent to the execution of the bond, Cobb had Abner W. Quinn qualified as his depuly sheriff, the declaration alleges, that the relator Beaty, on the 9th day of August, 1821, listed with said Quinn as deputy aforesaid, officers’ fee bills on persons living in Estill county, for collection, to the amount of sixty-six dollars, and took his receipt therefor.
And for breach, the declaration moreover alleges—
“ That the said Cobb has not kept and performed the condition of said bond, but has broken the same in this, that the said'Abner W Quiun, did not collect or account for, or pay the fees or any part of them, put in his hands as above stated, in such time and in such inánner as is directed by law, nor has the said Cobb paid the said Beaty the amount of said fee bills, or any part thereof,” &c.
As the action is brought in the name of the Commonwealth, for the benefit of Beaty, it is scarcely necessary to premise that the declaration, to be sufficient, should contain a breach of the condition of the official bond, to the injury of Beaty. It is only such as have been injured by a breach of the condition, the Jaw has authorised to bring an action upon the bond, and of course, whenever the bond *394 Is "puf in suit, 'the injury sustained by the relator must be distinctly set out in the declaration. Tested by this rule, the declaration in question cannot, wo apprehend, be. sustained-. II was no doubt incumbent upon Cobb, either in person or by deputy, to receive, collect and account for, to the person entitled, sack fee bills as by the duties of his office he was bound to collect, and for a refusal to receive, or a failure to collect and account for such fee bills, lie would be liable to an action upon bis official bond. But. his liability would be to the person entitled to the fee bills, and in an action against him upon the bond, the right of thé person for whom the action is brought, ought to be set out in the declaration. Such does not, however, appear to have' been done in the present case. The fee bills wbi< h are alleged to have been delivered to tho deputy of Cobb, and for the failure, to collect and account for which, this suit is brought, are no where alleged in the declaration to have been due and owing to Beaty, nor is there any thing contained in the declaration from 'which it can be fairly inferred. that Beaty was entitled to them.
ft must'also Appear, what fees i hey are, and that they are such a- the sheriff is authorised to collect.
Mandate.
Caper ton for appellant; Hanson and Turner for anpdleo,
Besides, to charge Cobb upon his official bond, for fee bills received by his deputy, the fee bills should appear to be such as by the duties of bis office he was bound to receive and collect; but from any statement in the declaration, it is impossible to know the nature or true character of the fee bills which were received by the deputy. They are alleged to be officers’ fee bills; but what officers* whether such as bad a right or not to have their fee bills collected by a sheriff, is no where suggested in the. declaration.
The judgment must, therefore, be reversed with cost, the cause remanded to the court below, and further proceedings- there bad, not inconsistent with this opinion.